UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY S. FEHRIBACH, CHAPTER 7 ) | |
| TRUSTEE OF TAURUS FOODS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:03-cv-0551-JDT-WTL |
| vs. ) | |
| ) | |
| ERNST & YOUNG LLP, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PLAINTIFF'S MOTION TO ALTER OR AMEND (Doc. No. 109)**[1]

The Plaintiff, Gregory S. Fehribach, Chapter 7 Trustee of Taurus Foods, Inc., filed suit against Ernst & Young LLP ("E&Y"), alleging negligence and breach of contract pertaining to E&Y's audit of Taurus's financial statements for the fiscal year ("FY") ending January 28, 1995.  The court found that the applicable statute of limitations barred the Plaintiff's suit, and the court accordingly granted summary judgment against the Plaintiff and entered judgment in favor of E&Y on July 14, 2006.  This matter is currently before the court on the Plaintiff's motion to alter or amend the court's judgment pursuant to Federal Rule of Civil Procedure 59(e).

---

[1] This Entry is a matter of public record and will be made available on the court's web site.  However, the discussion contained herein is not sufficiently novel to justify commercial publication.

**I.     DISCUSSION**

In order to prevail on a motion to alter or amend judgment, the Plaintiff must "clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence." *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). The motion must do more than merely reargue the merits of the case. *See Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003). Here, it appears that the Plaintiff is arguing manifest error of law. According to the Seventh Circuit, "[a] 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). With that standard in mind, and as explained below, the court denies the Plaintiff's motion to alter or amend judgment.

The Plaintiff proposes three reasons why the court should alter or amend its judgment. The court will discuss each in turn.

**A.     The Court Did Not Create a New Legal Duty**

First, the Plaintiff argues that the court created a new legal duty on accountants to investigate potential accounting malpractice and that such a duty is inconsistent with existing accounting rules. To the extent that the Plaintiff believes the court's decision created a new legal duty on accountants or plaintiffs, it misinterprets the court's decision

and relevant Indiana law.[2] As the Plaintiff professes not to understand the reasoning behind the grant of summary judgment, the court will briefly attempt to clarify its decision. The decision applied a duty on Taurus (not solely Corry) to exercise reasonable diligence to discover the alleged act, omission, or neglect.[3]

The applicable statute of limitations incorporates a "discovery rule," in that it tolls the accrual of the limitations period until the date that the alleged act, omission, or neglect "is discovered or should have been discovered by the exercise of reasonable diligence." Ind. Code § 25-2.1-15-2(1). The duty of which the court speaks in its decision is Taurus's duty under § 25-2.1-15-2(1) to exercise reasonable diligence to discover the alleged act, omission, or neglect. This duty falls squarely on a plaintiff, and not solely on a plaintiff's accountant or financial personnel. Under Indiana law,

---

[2] Despite the additional clarification in this entry, to the extent that the Plaintiff remains concerned that the court's summary judgment ruling will have a broad, adverse effect on the accounting liability, the court notes that under the law of the case doctrine, the ruling or rulings in the summary judgment entry will govern only the case presently before this court. *See*, *e.g.*, *Trs. of Pension, Welfare, & Vacation Fringe Benefit Funds of IBEW Local 701 v. Pyramid Elec.*, 223 F.3d 459, 468 n.4 (7th Cir. 2000); *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995). A district judge's decision has no precedential authority and, therefore, is not binding on other courts, on other judges in this district, or even on other cases before the same judge. *See*, *e.g.*, *Howard v. Wal-Mart Stores, Inc.*, 160 F.3d 358, 359 (7th Cir. 1998) ("a district court's decision does not have precedential authority"); *Malabarba v. Chicago Tribune Co.*, 149 F.3d 690, 697 (7th Cir. 1998) ("district court opinions are of little or no authoritative value"); *United States v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 571 (7th Cir. 1987) ("A single district court decision . . . has little precedential effect. It is not binding on the circuit, or even on other district judges in the same district.").

[3] Perhaps the court's description of Corry's duty to act with reasonable diligence on behalf of the interests of Taurus with respect to the work performed by E&Y (e.g. Doc. No. 106 at 14) without continually emphasizing the imputation of her conduct to Taurus fueled the Plaintiff's misunderstanding. The discussion about the action (and inaction) of the agent imputed to the principal seemed clear (*id.* at 11.) But if not clear enough, then perhaps this discussion on the motion to amend will add clarity.

> the discovery rule does not mandate that plaintiffs know with precision the legal injury that has been suffered, but merely anticipates that a plaintiff be possessed of sufficient information to cause him to inquire further in order to determine whether a legal wrong has occurred. In other words, the discovery rule only postpones the statute of limitations by belated discovery of key facts and not by delayed discovery of legal theories.

*Perryman*, 846 N.E.2d at 689 (citations omitted). Under the discovery rule, the issue is not whether professional accounting standards mandate that Corry investigate the accuracy of prior financial statements. Instead, the court must determine whether Taurus, as the potential plaintiff, "possessed sufficient information to cause [it] to inquire further in order to determine whether a legal wrong has occurred." *Id.* If so, then the discovery rule triggers the running of the statute of limitations.

The court determined that the undisputed evidence demonstrated that Corry had knowledge of the following pertinent facts by the fall of 1996: 1) that E&Y's audit report of FY 1995, issued in October 1995,[4] did not contain a going concern statement; 2) that Taurus was no longer able to meet its obligations, or in accounting terminology, that there was a going concern issue; and 3) that Taurus was losing money and value on a continual basis. For the reasons stated in the court's decision, Corry's knowledge is imputed to Taurus. Thus, the court treats Taurus as having knowledge of these facts. Noting that "the discovery rule only postpones the statute of limitations by belated

---

[4] The Plaintiff emphasizes the fact that the audit report, although issued in October 1995, covered the fiscal year beginning January 1994 and ending January 1995. The court agrees with this statement and acknowledged this fact in its decision. For this reason, the court stated, "At least by the fall of 1996, just one year after the issuance of E&Y's audit report and only twenty-one (21) months after the end of FY 1995, Corry knew that Taurus was no longer able to meet its obligations." (Doc. No. 106, at 13-14.)

discovery of key facts and not by delayed discovery of legal theories," *Perryman*, 846 N.E.2d at 689, the court then found that knowledge of these facts put Taurus on notice that E&Y had possibly invaded some right of Taurus or that some claim might have existed against E&Y. In other words, with knowledge of these facts (albeit by imputation), Taurus should have discovered the alleged act, omission, or neglect through the exercise of reasonable diligence. At this point, the discovery rule mandates the commencement of the statute of limitations.

To further clarify, the duty to discover the act arises from the discovery rule incorporated in the applicable statute of limitations. This duty belongs to the potential plaintiff—in this case, Taurus. It is not a duty that belongs solely to a plaintiff's accountant or financial expert, and it does not arise from professional accounting standards.

### B. The Court's Imposition of Costs Was Appropriate

The Plaintiff next asks the court to reconsider imposing costs against the Plaintiff because 1) he continued the lawsuit in good faith, "in part based on the denial of Defendant's Motion to Dismiss," (Br. Supp. Mot. Alter 10), and 2) the state of the law was unsettled. Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." "There is a heavy presumption in favor of awarding costs to the prevailing party." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Finally, "[t]he district judge can decline to award [costs] but . . . not just because the

losing party was acting in good faith." *Coyne-Delany Co. v. Capital Dev. Bd. of Ill.*, 717 F.2d 385, 390 (7th Cir. 1983).

The court first notes that its decisions to deny the motion to dismiss and grant the motion for summary judgment are not "inconsistent," as the Plaintiff argues. At the motion to dismiss stage of the litigation, the court initially rejected the Defendant's statute of limitations argument. (Doc. No. 20 at 15-17.) In doing so, the court viewed the Complaint in the light most favorable to the Plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations and other potentially provable facts in his favor.[5] Throughout the 12(b)(6) briefing, the Plaintiff argued against the court making inappropriate inferences at that procedural stage of the case and emphasized the need to clarify the facts through further discovery before the court could make a final determination on the statute of limitations issue.[6] For example, in his response in opposition to the motion to dismiss, the Plaintiff argued that "EY has presented nothing but broad concepts of 'knowledge' it argues should be 'imputed.' Without the benefit of discovery, the only thing that can be said is that Corry had some sort of knowledge about corporate facts and figures and 2) at some undetermined point (but prior to September/October 1996) Corry decided Taurus needed more funds on a

---

[5] In the Plaintiff's response in opposition to the motion to dismiss, he referred to this standard, and further emphasized that "the defendant must carry the heavy burden of showing *beyond doubt* that the Trustee can prove *no set of facts* in support of the claim which would entitle the relief requested." (Resp. Mot. Dismiss 7 (emphasis in original).)

[6] In fact, in response to the motion to dismiss, the Plaintiff distinguished this case from *Mid-Continent v. Brady, Ware & Schoenfeld*, 715 N.E.2d 906 (Ind. Ct. App. 1999) in part by highlighting the fact that *Mid-Continent* was decided on summary judgment in which the court "had a fully developed factual record." (Resp. Mot. Dismiss 11.)

temporary basis." (Resp. Mot. Dismiss 10.)  Without a more developed factual record, the Plaintiff argued against the court making inappropriate inferences: "The problem is that Taurus did not know it was a 'going concern' or that it needed to have a plan to address financial stress it may not have fully appreciated.  Nothing in the record shows this." (*Id.* at 13.)

Under this standard, the court clearly stated that it "*must* infer that Ms. Corry did not know that Taurus had a going concern problem or that Taurus required a plan to address the problem, even though Ms. Corry believed Taurus was facing financial difficulty." (*Id.* at 16 (emphasis added).)  The court's conclusion was absolutely consistent with the Plaintiff's arguments against such an inference at the 12(b)(6) stage of the litigation.[7]

Nonetheless, after discovery, the undisputed evidence supported a different factual conclusion: that, "by the fall of 1996, Corry knew that Taurus was no longer able to meet its obligations, or, in accounting terminology, that there was a going concern issue." (Doc. No. 106, at 10 (citing Corry Dep. 181:22-24, 212:24-213:11, 227:22-228:22).)  This factual finding constitutes a material finding that the court could not make at the 12(b)(6) stage—and certainly, as the briefing demonstrates, the Plaintiff

---

[7] The language in the 12(b)(6) decision demonstrates less than a ringing endorsement of the Plaintiff's legal position with respect to the statute of limitations argument: "Thus, the court cannot find that Plaintiff's claims are frivolous because of any obvious statute of limitations." (Doc. No. 20, at 17.)  By no measure should that decision have been read to suggest that the Plaintiff had permanently cleared the statute of limitations hurdle, nor should it have been understood to encourage the Plaintiff to litigate if the evidence to sustain the cause of action could not be discovered.

was completely unwilling to concede this fact at the 12(b)(6) stage. Indeed, if the Defendant had conceded this fact (instead of arguing against any such inference) then the court would have been able reach a final decision on the statute of limitations issue. Instead, the Plaintiff urged the court against any such inference and insisted on a more developed record.

The undisputed evidence on summary judgment also showed that Corry knew that Taurus was losing money and value on a continual basis. (*Id.* at 12 (citing Corry Dep. 133:1-3).) With these factual findings, which differ strikingly from the inferences the court had to make at the motion to dismiss stage of the process, the court arrived at a different result. The differing result was due to these differing factual premises,[8] not due to any difference in the court's legal reasoning or application of the law. As such, these decisions are factually and legally distinct, not contradicting. The court accordingly rejects the Plaintiff's "good faith continuance" argument, finding that it is an inadequate reason to refuse imposing costs.

With regard to the Plaintiff's argument that the court should decline to award costs because the law was unsettled, the court has already explained that it did not create a new duty in this case. Even if unsettled law was a sufficient reason to justify not imposing costs, this is simply not a case involving unsettled law. Therefore, the court rejects the Plaintiff's request to alter the court's award of costs against the Plaintiff.

---

[8] Again, these are factual premises that the Plaintiff was unwilling to concede at the 12(b)(6) stage.

### C. The Court Did Not Retroactively Apply a New Legal Duty

Finally, the Plaintiff argues that the court created a new duty to investigate, placed the burden of that duty on Corry, and then unfairly applied the new duty retroactively. As already explained above, the court's decision did not create a new duty and did not place any duty solely on Corry. It simply applied the existing duty under the discovery rule. For this reason, the court rejects this argument as well.

### II. CONCLUSION

For the foregoing reasons, the court **DENIES** the Plaintiff's motion to alter or amend the judgment (Doc. No. 109).

The Defendant has filed a motion for extension of time (Doc. No. 111) to respond to the Plaintiff's current motion. Because the court rules in favor of the Defendant, it finds no reason to delay its ruling to wait on the response. As such, the court **DENIES as moot** the Defendant's motion for extension of time.

ALL OF WHICH IS ENTERED this 4th day of August 2006.

John Daniel Tinder, Judge
United States District Court

Copies to:

Christopher A. Byrne
cbyrnetaurus@earthlink.net

Andrea L. Cohen
Rubin & Levin, PC
acohen@rubin-levin.net

John C. Hoard
Rubin & Levin, PC
johnh@rubin-levin.net

Elliott D. Levin
Rubin & Levin, PC
edl@rubin-levin.net

Stanley J. Parzen
Mayer Brown Rowe & Maw LLP
sparzen@mayerbrownrowe.com

John J. Tharp Jr.
Mayer Brown Rowe & Maw LLP
jtharp@mayerbrownrowe.com

Brian W. Welch
Bingham Mchale
bwelch@binghammchale.com